**Philip MOSKOWITZ, Plaintiff,**

v.

**N.Y.C. DEPT. OF SOCIAL SERVICES COMMISSIONER, Barbara J. Sabol, N.Y.C. Human Resources Administration Administrator, Barbara J. Sabol, Deputy Commissioner Catherine Zall, Office of Employment Services, Barbara Ramirez, Director of Office of Program Development, Defendants.**

No. CV 94–1277 (JG).

United States District Court, E.D. New York.

Oct. 26, 1995.

Philip Moskowitz, Brooklyn, New York, pro se.

Paul A. Crotty, Corporation Counsel of City of New York by Paul Marks, Sara Edelman, New York City, for Defendants.

## MEMORANDUM AND ORDER

GLEESON, District Judge:

The plaintiff, Philip Moskowitz, brought this action *pro se* under 42 U.S.C. § 1983 challenging the defendants' decision to terminate the public assistance payments he began receiving in 1989. Those benefits were finally discontinued in November 1994. Moskowitz was terminated because he had refused to comply with the requirements of the Job Opportunities and Basic Skills Training ("JOBS") program. Moskowitz had applied for an exemption from the JOBS program based on his alleged attendance at the Yeshiva Machzikei Hadas rabbinical school ("YMH"). His public assistance file, maintained by the defendants, contains two letters on YMH stationery (the "YMH letters"), which both state that Moskowitz is enrolled there as a full-time rabbinical student.

In December 1994, shortly after the defendants terminated Moskowitz's benefits, he brought an order to show cause seeking an order reinstating them. In responding to that request, the defendants submitted, among other things, a letter from YMH stating that it had no record of a student by the name of Philip Moskowitz. On January 30, 1995, when confronted with this letter, Moskowitz claimed that (a) he had never been a student at YMH; (b) he had not represented himself to be a student there; (c) he had not submitted the YMH letters to the defendants; and (d) someone (presumably a city employee) must have planted the YMH letters in his file at the Department of Social Services ("DSS").

I denied Moskowitz's request for injunctive relief and directed the defendants to furnish an affidavit stating the circumstances in which the YMH letters had been received from Moskowitz and placed in his file at DSS. That affidavit was subsequently provided, and established that Moskowitz submitted the YMH letters in support of his request for an exemption from the JOBS program. (*See* Affidavit of Roger Hamilton dated February 15, 1995.) Moskowitz subsequently filed a "Confidential Memorandum" stating that he could prove that he did not submit the YMH letters to DSS. His "proof" consisted of the use of the term "Reb. Moskowitz" in the YMH letters. Moskowitz claimed that only someone ignorant of Hebrew, Yiddish and the Jewish religion would refer to him as "Reb.," and thus "it was Defendants et al (sic) who fraudulently produced said exhibits, and entered them into Plaintiffs' record and the courts (sic) record as facts." ("Confidential Memorandum" dated March 27, 1995.)

In June of 1995, the defendants moved for summary judgment on the ground that the YMH program did not meet the requirements for an exemption from the JOBS program. They further argued that the failure to provide such an exemption does not, as Moskowitz has contended, violate his First Amendment right to the free exercise of religion.

Before argument on that motion, I checked this court's files for other cases involving Moskowitz. My research revealed a rich history of litigious and fraudulent behavior by Moskowitz, which includes a conviction for forging a federal judge's name to a court order. It also revealed that this particular litigation is wholly fraudulent.

In 1991, Moskowitz brought an earlier action against the defendants herein, which sought to prevent them from terminating his public assistance benefits.[1] In his complaint in that action, *Moskowitz v. New York City Department of Social Services, et al.*, 91 CV 2742 (EHN), Moskowitz asserted that he was "a student at rabbinical collage (sic) since 1989 (exhibits 1, 1A, 2) ..." The exhibits 1 and 2, attached to the complaint, are the two YMH letters at issue in this case. Thus,

---

1. The November 1994 termination of benefits was the culmination of a long-standing effort by the defendants, who seven times attempted to discontinue payments. Indeed, despite explicit references by a "Fair Hearing" officer to obviously fraudulent behavior by Moskowitz (*see* Hamilton Aff., Ex. 3, p. 5), the byzantine regulations governing public assistance precluded discontinuance. *Id.* These regulations allowed Moskowitz to fraudulently receive public assistance payments for years. Indeed, in the memorandum in support of their motion, defendants state that Moskowitz's benefits have "resumed sporadically" since November 1994, and he is currently receiving benefits.

although Moskowitz has repeatedly represented to me that he neither submitted the YMH letters to the City of New York nor represented himself to be a student at YMH, four years ago he himself submitted those very letters and made precisely that representation to this court.

On October 6, 1995, I advised Moskowitz to retain an attorney who is skilled in criminal practice. I further informed him that, although I believe the defendants' motion for summary judgment has merit, I would not reach the merits because this action is a fraud. Moskowitz is not now, and never has been, a rabbinical student at YMH. I thus need not decide whether the refusal to grant an exemption from the JOBS program to such a student is permissible.

Finally, I told Moskowitz that I would withhold the entry of judgment in this case for two weeks in order to allow his attorney, should he retain one, to submit a letter if he or she wished to be heard. I have received no such submission. Accordingly, judgment will be entered for the defendants. The Clerk is respectfully requested to forward a copy of this order and the transcript of proceedings on October 6, 1995, to the United States Attorney in this district for whatever action he deems appropriate.

So Ordered.